UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
RICHARD W. DAUPHIN,

        Plaintiff,

-against-

CROWNBROOK ACC LLC,

        Defendant.

---------------------------------------------------------------- X

12-CV-2100 (ARR)(SMG)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 1 2 2013 ★

BROOKLYN OFFICE

ROSS, United States District Judge:

In response to plaintiff Richard W. Dauphin's motion for partial summary judgment, defendant Crownbrook ACC LLC sought permission to submit supplemental opposition papers under seal. See Dkt. #34. Chief Magistrate Judge Steven M. Gold permitted filing under seal, but "with the understanding that the Court may order unsealing to the extent the submission forms the basis for a judicial ruling." Dkt. #35. In a related memorandum and order issued today, I granted plaintiff's motion (I assume familiarity with the facts recounted in that memorandum and order). Because I rely in part on defendant's supplemental opposition in that decision, I hereby order the supplemental opposition papers unsealed.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The Second Circuit has instructed that before any such common law right can attach, a court must conclude that the documents at issue are indeed "judicial documents." Id. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject

1

to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). Rather, "[i]n order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch, 435 F.3d at 119 (quoting Amodeo I, 44 F.3d at 145).

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." Id.

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II").

Finally, the court must "balance competing considerations" against the presumption of access. Lugosch, 435 F.3d at 120 (internal quotation marks omitted). The Second Circuit has identified the "privacy interest of the person resisting disclosure" as one such consideration. Amodeo II, 71 F.3d at 1050. In determining the weight to be accorded to an assertion of a right of privacy, a court must consider (1) the degree to which the subject matter is traditionally considered private rather than public; and (2) the nature and degree of injury. Id. at 1051.

Here, defendant put forward the affidavit and financial statements to establish an affirmative defense of insolvency under New York Business Corporation Law § 513 and analogous provisions of the Limited Liability Company Law. Defendant filed these materials specifically in connection with a request for this court to deny plaintiff's motion for partial

2

summary judgment. Cf. id. (holding report "not filed in connection with a request for action by the district court" was not a judicial document). I have therefore considered them in adjudicating plaintiff's motion. Accordingly, they are "relevant to the performance of the judicial function and useful in the judicial process," Lugosch, 435 F.3d at 119 (internal quotation marks omitted), and are consequently judicial documents.

Further, as judicial documents, the presumption of access to the affidavit and financial statements should be given substantial weight since they are dispositive of the court's adjudication of the affirmative defense of insolvency. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) (presumptive right to public access "is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication") (internal quotation marks omitted).

Finally, I have considered defendant's countervailing assertion of a right to privacy, and have found that it does not overcome the presumption of public access. Although "[f]inancial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public," Amodeo II, 71 F.3d at 1051, I find no potential for significant injury to defendant's privacy from unsealing the financial documents. Defendant has already stated in several unsealed filings that it is either insolvent or would be rendered insolvent if compelled to make the payments set forth in the complaint. See Dkt. #6 ¶ 26; Dkt. #13 ¶ 26; Dkt #17, at 2; Dkt #29, at 10-12. Defendant has made no particularlized showing of injury other than to state generally that the financial statements are "confidential" and "contain competition-sensitive information." Dkt. #39, at 2. These generalized statements are insufficient to overcome the presumption of public access, meant to ensure "democratic control" over the

judiciary. Lugosch, 435 F.3d at 119 (quoting Amodeo II, 71 F.3d at 1048) (internal quotation marks omitted). Accordingly, Dkt. #36 is hereby ordered unsealed in its entirety.

SO ORDERED.

                                                          s/Allyne R. Ross
                                                     Allyne R. Ross
                                                   United States District Judge

Dated: April 10, 2013
       Brooklyn, New York